UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In re:                                                                                          Bankruptcy No. 08-30956
                                                                                                        Chapter 7
Lois Mae Stark,

        Debtor.
_____/
Brian Pinks,

        Plaintiff,

    vs.                                                                                          Adversary No. 08-7036

Lois Mae Stark,

        Defendant.
_____/

**MEMORANDUM AND ORDER**

Before the Court is a Motion for Default Judgment filed by Plaintiff Brian Pinks on January 26, 2009.

Defendant/Debtor Lois Mae Stark filed for Chapter 7 bankruptcy on September 26, 2008. Plaintiff filed a Complaint on December 11, 2008, seeking a determination that the debt owed to Plaintiff is nondischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 727(a)(4). Summons was served on Stark on December 11, 2008. The record in bankruptcy case 08-30956 also reflects that Stark's attorney in the bankruptcy case received electronic notice on December 11, 2008, that Plaintiff commenced this adversary proceeding by filing a Complaint. Plaintiff moved for default judgment on January 26, 2009. Stark filed a response to Plaintiff's motion on January 28, 2009. Stark also filed an answer, albeit late, on January 28, 2009, denying the allegation in the Complaint and asserting affirmative defenses.

In her response, Stark requests that the Court deny Plaintiff's motion for default judgment. Stark specifically argues that her attorney in bankruptcy case 08-30956 was not served with the summons in this adversary proceeding, 08-7036. There is nothing in the record to indicate that Stark's attorney in the bankruptcy case would be representing Stark in any potential adversary proceedings. In fact, the record in the bankruptcy case expressly suggests otherwise. In her petition, Stark's Disclosure of Compensation of Attorney for Debtor deleted the language that "Representation of the debtor in adversary proceeding and other contested bankruptcy matters" by crossing out this option. This deletion suggests that Stark's attorney in the bankruptcy case would not be representing her in any adversary proceedings that may arise. Although Stark's attorney was not served with Summons on December 11, 2008 of the commencement of this adversary proceeding, he received electronic notice in the bankruptcy proceeding in which he represented Stark that Plaintiff commenced this adversary proceeding by filing a complaint.  The Complaint was properly served upon Stark and no Answer was forthcoming within the allowed period.

Disposition of a Rule 55 motion for default judgment lies within the court's discretion and in its exercise the court may, among other things, consider whether a default is de minimis, whether the plaintiff was prejudiced by the defendant's delay in answering and whether there is any suggestion that the delay was intentional or the result of bad faith.  <u>United States v. Harre</u>, 983 F.2d 128 (8th Cir. 1993).  Default judgment is not appropriate, however, for a marginal failure to comply with time requirements." <u>Forsythe v. Hales</u>, 255 F.3d 487 (8th Cir. 2001).

Given the strong policy of favoring decisions on the merits, default judgment will not be entered in this matter as it appears the delay was minimal, unintentional, and not in bad faith, and there has been no apparent harm to Plaintiff..

Accordingly, Plaintiff Brian Pink's Motion for Default Judgment is DENIED.

**SO ORDERED.**

Dated this 2nd day of February, 2009.

                         **WILLIAM A. HILL, JUDGE**
                         **U.S. BANKRUPTCY COURT**