UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In re:

Lois Mae Stark,                                                    Bankruptcy No. 08-30956
                                                                   Chapter 7
          Debtor.
_____/

Brian Pinks,

          Plaintiff,

     vs.                                                           Adversary No.  08-7036

Lois Mae Stark,

          Defendant.
_____/

**MEMORANDUM AND ORDER**

      This case is before the Court on two separate motions: Defendant Lois Mae Stark's motion for partial summary judgment and Plaintiff Brian Pinks' motion to amend complaint.

      By complaint filed December 11, 2008, Plaintiff initiated this adversary proceeding seeking a determination that a debt owed by Defendant is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) and 727(a)(4)(A) and (B). Defendant filed her answer on January 28, 2009.

      Defendant filed a motion for summary judgment on March 11, 2009, moving the Court to find as a matter of law that Plaintiff has failed to prove the elements for nondischargeability under 11 U.S.C. § 727(a) (4). Plaintiff filed a response to Defendant's motion for summary judgment on March 26, 2009.

      Plaintiff filed a motion to amend complaint on April 6, 2009, asserting that Plaintiff inadvertently omitted his prayer for relief in his complaint.

FINDINGS OF FACT

The parties entered into a purchase agreement on August 5, 2005, whereby Plaintiff agreed to sell a four-plex residential apartment house to Defendant for $119,900.00. The purchase agreement detailed the following special conditions:

> earnest money to be refunded if buyer is unable to obtain financing. Buyer to move in 8-8-05. Seller to scrape and repaint house and repair windows, repair porch in front. Seller to remove dryer and refrigerator that doesn't work.

A seller's statement was prepared by North Dakota Guaranty & Title Co. for Plaintiff showing a purchase price of $119,000.00. The property is encumbered by a first mortgage secured by Starion Financial in the amount of $105,000.00. Plaintiff also loaned Defendant $23,800 at the time of closing. The parties were negotiating the special terms and conditions of that loan to be included in a mortgage deed. A proposed mortgage deed was prepared listing Defendant as borrower and Plaintiff as the lender in the amount of $23,800 on the four-plex. The proposed mortgage deed also included handwritten notes in incomplete sentence form stating, "½ roof shingles & painting home to subtracted from the $23,880, painting to be $4380 seller to subtracted from the $23,880. Painting to be $4380 seller to have final. . . (illegible). . . of shingles/roofing". The proposed mortgage deed was never signed.

On June 4, 2006, Defendant's attorney at the time sent a letter to Plaintiff's attorney at the time. In the letter, Defendant's attorney states that Defendant's second mortgage is to be in the amount of $23,880 if Plaintiff is in agreement that he owes Defendant the sum of $10,322.17 for a painting bid, 50% of a shingling bid, as well as deposits and partial rent for three of the rental apartments. Further, Defendant's attorney states that if Plaintiff is in agreement with those terms, they can work to get the paperwork done and a mortgage signed and completed. There is no evidence that a mortgage deed was ever signed by the parties.

Defendant filed a Chapter 7 bankruptcy petition on September 26, 2008, listing the four-plex residential apartment house as real property with a current value of $98,000.00, and Starion Bank holding a secured claim against the property in the amount of $105,000.00. Defendant listed Plaintiff as a creditor holding an unsecured nonpriority claim in the amount of $16,600.00. In her petition, Defendant expressly states, "Debtor purchased four-plex from Pinks. Pinks agreed to carry debtor for balance of selling price less cost of repairs. Debt in dispute. Pinks defaulted". Defendant also listed $555.00 as income from real property on Schedule J of her petition.

In the bankruptcy case, Plaintiff filed an objection to Defendant's claim of exemptions on December 8, 2008, arguing the four-plex has a current value of $120,000.00, rather than $98,000.00 as claimed by Defendant. Plaintiff also initiated this adversary proceeding and filed his complaint on December 11, 2008. In his complaint, Plaintiff alleges two counts. Count I alleges that Defendant's debt to Plaintiff is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) and Count II alleges Defendant's debt is nondischargeable pursuant to 11 U.S.C. § 727(a)(4)(A) and (B). Specifically, Count II alleges that Defendant knowingly and fraudulently: a) undervalued her residence on her petition, b) scheduled Plaintiff as an unsecured creditor when Defendant knew Plaintiff was a secured creditor and c) stated that the gross rental income was $555.00 when it was significantly more than that.

A meeting of creditors was held on November 13, 2008. At the hearing, Trustee Wagner asked whether the total monthly rent for the three rental units is $555.00 per month as stated on Defendant's petition.[1] Defendant testified that the gross monthly rent is $1,200.00, but after expenses, the net income is $555.00.

---

[1] Defendant lives in one unit of the four-plex and rents out the other three units.

3

This Court held a hearing on January 13, 2009, relating to Plaintiff's objection to Defendant's claim of exemptions. Specifically, Plaintiff objected to Defendant's valuation of the property. This Court found that the four-plex was an older home and in need of extensive repairs in excess of $20,000.00. The Court further found that Defendant's testimony was credible as to the value of the property. The Court overruled Plaintiff's objection to the exemption and determined that the value of the property is $105,000.00, as Defendant stated in her petition.

Defendant filed an answer on January 28, 2009, denying the allegations in Plaintiff's complaint. On February 23, 2009, Defendant amended her petition deleting $555.00 from the income from real property and including $1,213.00 in line 7 reflecting income from operation of business or profession. Additionally, Defendant attached the necessary detailed statement outlining the breakdown of the business income and expenses. The amended business income and expenses statement reflects Defendant's gross monthly income is $1,213.00, and, after deducting monthly business expenses, Defendant's average net monthly income is $548.00.

On March 11, 2009, Defendant filed a motion for summary judgment seeking dismissal of Plaintiff's section 727(a)(4) claim. Plaintiff filed a response to Defendant's motion for summary judgment on March 26, 2009.

Plaintiff filed a motion to amend complaint on April 6, 2009. Defendant did not file a response to Plaintiff's motion to amend.

4

CONCLUSIONS OF LAW

A.  Motion to Amend Complaint

The disposition of a motion to amend is within the sound discretion of the district court. Sprynczynatyk v. General Motors Corp., 771 F.2d 1112, 1125 (8th Cir. 1985). Rule 15(a) of the Federal Rules of Civil Procedure states, "The court should freely give leave when justice requires."

Plaintiff alleges that he inadvertently omitted his prayer for relief in his complaint. Defendant did not file a response to Plaintiff's motion to amend. Based upon the facts, the omission appears to be an inadvertent error, and it does not prejudice Defendant to allow Plaintiff to amend his complaint.

B.  Motion for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure governs the granting of summary judgment motions and is made applicable to bankruptcy proceedings by Rule 7056 of the Federal Rules of Bankruptcy Procedure. Summary judgment is appropriate if, "assuming all reasonable inferences favorable to the nonmoving party, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Tudor Oaks Ltd. P'ship v. Cochrane (In re Cochrane), 124 F.3d 978, 981-82 (8th Cir. 1997), cert. denied, 522 U.S. 1112 (1998) (citations omitted). Procedurally, the initial burden is on the moving party to establish the lack of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Dennis v. Novotny (In re Novotny), 224 B.R. 917, 921 (Bankr. D.N.D. 1998). However, summary judgment will not be granted in the moving party's favor "unless the moving party has established the right to a judgment with such clarity as to leave no room for controversy.'" Simundson v. United Coastal Ins. Co., 951 F. Supp. 165, 166-67 (D.N.D. 1997) (quotation omitted). The court views the record in light most favorable to the nonmoving party and affords that party all reasonable inferences. Blocker v. Patch (In re Patch), 526 F.3d 1176, 1180 (8th Cir. 2008).

5

A debtor may be denied a discharge pursuant to section 727(a)(4) if the debtor knowingly and fraudulently, in or in connection with a case (A) made a false oath or account or (B) presented or used a false claim. 11 U.S.C. §727(a)(4). In order to deny a debtor a discharge under section 727(4)(A) a plaintiff must establish that: (1) the debtor knowingly and fraudulently; (2) in or in connection with the case; (3) made a false oath or account; (4) regarding a material matter. Korte v. United States (In re Korte), 262 B.R. 464, 474 (B.A.P. 8th Cir. 2001). A debtor's signatures on the petition, made under penalty of perjury, are declarations which have the force and effect of oaths of the kind encompassed by the discharge exception for making a false oath. Jordan v. Bren (In re Bren), 303 B.R. 610, 613 (B.A.P. 8th Cir. 2004) (overruled on other grounds). The proper functioning of the entire bankruptcy process is dependent upon debtors providing complete, accurate and reliable information in the petition and other documents submitted with the filing of the case so that parties in interest may evaluate debtors' assets and liabilities and appropriately administer the case. Id. Courts are often understanding of a single omission or error resulting from an innocent mistake. Kaler v. Geller (In re Geller), 314 B.R. 800, 807 (Bankr. D.N.D. 2004). A debtor, however, has an absolute right to amend his or her schedules. See Fed. R. Bankr. P. Rule 1009(a).

1. Valuation of property

Plaintiff claims Defendant knowingly and fraudulently undervalued the property on her petition and it should be valued at $119,900.00. In this case, Defendant listed the four-plex residential apartment house, which is also her residence, as real property with a current value of $98,000.00. This Court has already held a hearing as to the value of the property and taken testimony on the valuation dispute. This Court found that Defendant's testimony was credible as to the value of the property and determined that

6

the value of the property is $105,000.00. As such, there is no issue of material fact as to Plaintiff's claim relating to the valuation of the property.

    2.    Classification of Debt

In Claim II, Plaintiff asserts Defendant knowingly and fraudulently scheduled Plaintiff as an unsecured creditor when Defendant knew Plaintiff was a secured creditor. The parties agree that Plaintiff loaned Defendant $23,800 at the time of closing of the four-plex. A proposed mortgage deed was drafted reflecting the loan and included specific terms of reimbursement from Plaintiff to Defendant. The parties appeared to have been negotiating the terms and conditions of the loan and contemplating that Plaintiff would be crediting or reimbursing Defendant for work to be completed on the property after the sale. For whatever reason, the proposed mortgage deed was not signed. Almost a year after the closing, the letter from Defendant's attorney confirms that no mortgage deed had been signed, that the terms of the loan were still being worked out, and that the parties had not agreed to what repairs, past rent, and deposits that Plaintiff was to reimburse Defendant for. The fact remains that no mortgage deed was, at any time, signed. As such, Plaintiff is not a secured creditor. There is no issue of material fact relating to Defendant listing Plaintiff as an unsecured creditor.

    3.    Rental Property Income

Plaintiff also claims Defendant knowingly and fraudulently stated that the gross rental income was $555.00 when it was significantly more than that. Defendant explained at the meeting of creditors that the $555.00 listed in her petition reflected net income from the rental properties, not gross income. Defendant subsequently amended her petition deleting $555.00 from the income from real property and including $1,213.00 in line 7 reflecting income from operation of business or profession. Defendant also attached the necessary detailed statement demonstrating the breakdown of the business

7

income and expenses, distinguishing gross income from net income. The Court recognizes Defendant's amended business income and expenses statement reflects that Defendant's average net monthly income is $548.00 and supports her testimony at the meeting of creditors. Although Defendant may have incorrectly categorized the income on her petition, she amended the schedule, and the detailed amended business income and expenses statement corroborates Defendant's testimony regarding her net monthly income from the rental units. Defendant has a right to amend her petition, and the Court finds that Defendant's petition contained an innocent mistake. There is no evidence that Defendant knowingly or fraudulently understated the amount of income she receives from the rental properties.

Defendant has established the right to judgment with such clarity as to leave no room for controversy. Viewing the record in light most favorable to Plaintiff, summary judgment is appropriate relating to Plaintiff's claim under section 727(a)(4). As such, Defendant is entitled to judgment as a matter of law, and Plaintiff's claim under section 727(a)(4) is dismissed. The amount of the unsecured debt and Plaintiff's claim under section 523(a)(2)(A) remain in dispute and will go forward to trial.

Accordingly, Defendant Lois Mae Stark's motion for partial summary judgment is **GRANTED** and Plaintiff Brian Pink's Motion to Amend Complaint is **GRANTED**.

**SO ORDERED.**

**JUDGMENT MAY BE ENTERED ACCORDINGLY.**

Dated this May 1, 2009

**WILLIAM A. HILL, JUDGE**
**U.S. BANKRUPTCY COURT**